IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE EIDEN,

                                 CIV. S-08-2593 JAM KJM

       Plaintiff,

    v.                              STATUS (Pre-trial
                                      Scheduling) ORDER

VASUDEVA, etc., et al

       Defendants.
_____/

      After review of the Joint Status Report, the court
makes the following order:

SERVICE OF PROCESS

   All parties defendant to this lawsuit have been served and
no further service will be permitted except with leave of court,
good cause having been shown.

JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

   No further joinder of parties or amendments to pleadings is
permitted except with leave of court, good cause having been
shown.

1

1                      <u>JURISDICTION AND VENUE</u>

2      Jurisdiction and venue are not contested.

3              <u>FICTITIOUSLY-NAMED DEFENDANTS</u>

4      This action, including any counterclaims, cross-claims, and

5  third party complaints is hereby DISMISSED as to all DOE or other

6  fictitiously-named defendants.

7               <u>MOTION HEARINGS SCHEDULES</u>

8      All dispositive motions shall be filed by July 7, 2010.

9  Hearing on such motions shall be on August 4, 2010 at 9:00 a.m.

10 **The parties are reminded of the notice requirements as outlined**

11 **in Local Rule 78-230(b).**

12     The time deadline for dispositive motions does not apply to

13 motions for continuances, temporary restraining orders or other

14 emergency applications.

15     **THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE**

16 **DAY DUE.**

17     All purely legal issues are to be resolved by timely pre-

18 trial motions.  The parties are reminded that motions <u>in</u> <u>limine</u>

19 are procedural devices designed to address the admissibility of

20 evidence and are cautioned that the court will look with disfavor

21 upon substantive motions presented at the final pre-trial

22 conference or at trial in the guise of motions <u>in</u> <u>limine</u>.  The

23 parties are further cautioned that if any legal issue which

24 should have been tendered to the court by proper pre-trial motion

25 requires resolution by the court after the established law and

26 motion cut-off date, substantial sanctions may be assessed for

1   the failure to file the appropriate pre-trial motion.

2   **Unless prior permission has been granted, memoranda of law**

3   **in support of and in opposition to motions are limited to twenty-**

4   **five (25) pages, and reply memoranda are limited to ten (10)**

5   **pages.  The parties are also cautioned against filing multiple**

6   **briefs to circumvent this rule.**

7   <u>DISCOVERY</u>

8   All discovery shall be completed by June 4, 2010.  In this

9   context, "completed" means that all discovery shall have been

10  conducted so that all depositions have been taken and any

11  disputes relative to discovery shall have been resolved by

12  appropriate order if necessary and, where discovery has been

13  ordered, the order has been complied with.

14  <u>DISCLOSURE OF EXPERT WITNESSES</u>

15  The parties shall make expert witness disclosures under

16  Fed. R. Civ. P. 26(a)(2) by April 2, 2010.  Supplemental

17  disclosure and disclosure of any rebuttal experts under

18  Fed. R. Civ. P. 26(a)(2)(c) shall be made by April 16, 2010.

19  Failure of a party to comply with the disclosure schedule as

20  set forth above in all likelihood will preclude that party from

21  calling the expert witness at the time of trial absent a showing

22  that the necessity for the witness could not have been reasonably

23  anticipated at the time the disclosures were ordered and that the

24  failure to make timely disclosure did not prejudice any other

25  party.  See Fed. R. Civ. P. 37(c).

26  All experts designated are to be fully prepared at the time

1  of designation to render an informed opinion, and give their

2  reasons therefore, so that they will be able to give full and

3  complete testimony at any deposition taken by the opposing

4  parties.  Experts will not be permitted to testify at the trial

5  as to any information gathered or evaluated, or opinion formed,

6  after deposition taken subsequent to designation.

7                    JOINT MID-LITIGATION STATEMENTS

8        Not later than fourteen (14) days prior to the close of

9  discovery, the parties shall file with the court a brief joint

10 statement summarizing all law and motion practice heard by the

11 court as of the date of the filing of the statement, whether the

12 court has disposed of the motion at the time the statement is

13 filed and served, and the likelihood that any further motions

14 will be noticed prior to the close of law and motion.  The filing

15 of this statement shall not relieve the parties or counsel of

16 their obligation to timely notice all appropriate motions as set

17 forth above.

18                    FINAL PRE-TRIAL CONFERENCE

19       The final pre-trial conference is set for September 10, 2010

20 at 3:00 p.m.  In each instance an attorney who will try the case

21 for a given party shall attend the final pretrial conference on

22 behalf of that party; provided, however, that if by reason of

23 illness or other unavoidable circumstance the trial attorney is

24 unable to attend, the attorney who attends in place of the trial

25 attorney shall have equal familiarity with the case and equal

26 authorization to make commitments on behalf of the client.  All

<u>pro</u> <u>se</u> parties must attend the pre-trial conference.

Counsel for all parties and all <u>pro</u> <u>se</u> parties are to be fully prepared for trial at the time of the pre-trial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall file with the court, no later than seven days prior to the final pre-trial conference, a <u>joint</u> pre-trial statement.

**Also at the time of filing the Joint Pretrial Statement, counsel are requested to e-mail the Joint Pretrial Statement in WPD or Word format to Judge Mendez's assistant, Jane Pratt at: jpratt@caed.uscourts.gov.**

Where the parties are unable to agree as to what legal or factual issues are properly before the court for trial, they should nevertheless list all issues asserted by any of the parties and indicate by appropriate footnotes the disputes concerning such issues.  The provisions of Local Rule 16-281 shall, however, apply with respect to the matters to be included in the joint pre-trial statement.  Failure to comply with Local Rule 16-281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 16-281(b)(10) and (11) they are required to list in the final pre-trial statement all witnesses and exhibits they propose to offer at trial, no matter for what purpose.  These lists shall not be contained in the body of the final pre-trial statement itself, but shall be attached as separate documents so that the court may attach them as an addendum to the final pre-trial

1 order.  The final pre-trial order will contain a stringent
2 standard for the offering at trial of witnesses and exhibits not
3 listed in the final pre-trial order, and the parties are
4 cautioned that the standard will be strictly applied.  On the
5 other hand, the listing of exhibits or witnesses that a party
6 does not intend to offer will be viewed as an abuse of the
7 court's processes.

8     The parties are also reminded that pursuant to Rule 16,
9 Fed. R. Civ. P., it will be their duty at the final pre-trial
10 conference to aid the court in: (a) formulation and
11 simplification of issues and the elimination of frivolous claims
12 or defenses; (b) settling of facts which should properly be
13 admitted; and (c) the avoidance of unnecessary proof and
14 cumulative evidence.  Counsel must cooperatively prepare the
15 joint pre-trial statement and participate in good faith at the
16 final pre-trial conference with these aims in mind.  A failure to
17 do so may result in the imposition of sanctions which may include
18 monetary sanctions, orders precluding proof, elimination of
19 claims or defenses, or such other sanctions as the court deems
20 appropriate.

21                          TRIAL SETTING

22     Jury trial in this matter is set for October 25, 2010 at
23 9:00 a.m.  The parties estimate a trial length of approximately 3
24 to 5 days.

25
26

1

<center>SETTLEMENT CONFERENCE</center>

2   No Settlement Conference is currently scheduled.  If the

3  parties wish to have a settlement conference, one will be

4  scheduled at the final pretrial conference or at an earlier time

5  upon request of the parties.

6

7  <center>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</center>

8   This Status Order will become final without further Order of

9  Court unless objection is lodged within seven (7) days of the

10  date of the filing of this Order.

11   IT IS SO ORDERED.

12  Dated:  January 7, 2009

13

               /s/ John A. Mendez
14             HON. JOHN A. MENDEZ
               United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

<center>7</center>